IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM WAYNE PIERCE                                                    PLAINTIFF

v.                             No. 4:12-cv-444-DPM

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                         DEFENDANT

ORDER

Pierce sought supplemental security income and based disability on his back problems. Pierce last worked in construction, building a city baseball park. He quit working, he said, due to back pain. The Commissioner's ALJ identified degenerative disc disease of the lumbar spine as a severe impairment, determined Pierce could do medium work, and denied Pierce's application. Pierce appeals. Does substantial evidence — considering supporting and contrary evidence — support the Commissioner's decision? *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Pierce first argues that his back problems meet listing 1.02. Pierce does not meet the listing for three reasons: no medical evidence showed "gross anatomical deformity;" no radiographic imaging showed "joint space narrowing, bony destruction, or ankylosis of the affected joint(s);" and Pierce can get around effectively. *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).

Pierce also challenges the ALJ's evaluation of his credibility. Because the ALJ followed the required two-step process and considered the required factors, *see* SSR 96-7p, the Court must determine whether substantial evidence supports the ALJ's evaluation. The ALJ observed that no medical evidence supported the alleged degree of pain, Pierce mowed the lawn, and he sought little medical treatment. Had Pierce's pain been disabling, he would have sought more medical treatment and done so regularly. Not doing so undermined his credibility. *Edwards v. Barnhart*, 314 F.3d 964, 967-68 (8th Cir. 2003); *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). A reasonable mind would accept the evidence as adequate to support the ALJ's finding that Pierce over-stated his pain. *Britton v. Sullivan*, 908 F.2d 328, 331 (8th Cir. 1990).

Pierce's strongest argument flows from the consulting doctor's opinion about what kind of work Pierce could do. After reviewing Pierce's medical records — office visits for a back injury and an MRI of the lumbar spine — the consulting physician concluded that Pierce could do *light* work. A second consulting physician agreed. The ALJ rejected the opinion as inconsistent with the medical record and determined Pierce could do *medium* work.

Rejecting the opinion was not error. The consulting physician did not examine Pierce, and other evidence supported the determination that Pierce could do medium work. *Woodard v. Schweiker*, 668 F.2d 370, 374 (8th Cir. 1981). For example, Pierce twice went to the emergency room for back pain after mowing the lawn. But Pierce sought no follow-up treatment. Before the emergency-room visits, radiographic imaging showed mild degenerative disc disease in the low back. "Mild" degenerative disc disease indicates Pierce could do more than light work. The evidence adequately shows that Pierce could do medium work. *Britton*, 908 F.2d at 331.

Even if Pierce was limited to light work, no reversible error occurred because the vocational expert identified available light work. To the extent Pierce maintains that he required a sit-stand option to work, no evidence supported that limitation. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Pierce also argues that the ALJ should have ordered a consultative exam, but the treatment records provided sufficient medical evidence to determine whether Pierce was disabled. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994). The treatment records related to the impairment underlying the claim. Those

records substantiated "some levels of pain and limitations," *Tr. 16*, but not constant, disabling pain precluding medium work. The Court affirms the decision denying Pierce's application.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

\_\_\_\_24 July 2013\_\_\_\_